IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KERRI SPOOR,

    Plaintiff,

v.                                           Civil Action No. 5:10CV42
                                                        (STAMP)
PHH MORTGAGE CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND
DENYING AS MOOT DEFENDANT'S MOTION TO
DISMISS COUNTS IV and V OF COMPLAINT**

I.  <u>Procedural History</u>

The plaintiff, Kerri Spoor, commenced this civil action in the Circuit Court of Ohio County, West Virginia by filing a complaint alleging that an unconscionable home mortgage loan, as well as lender abuse, placed her in danger of foreclosure. The defendant, PHH Mortgage Corporation ("PHH"), removed the action to this Court. On April 5, 2010, PHH filed a motion to dismiss Counts IV and V of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, PHH argues that the statute under which the plaintiff asserts her claims for Counts IV and V, West Virginia Code § 46A-2-122(c), is not applicable because the evaluation of a mortgage loan modification request is not a "debt collection" within the meaning of the statute. In response, the plaintiff contends that the case was improperly removed from state court and that she pled sufficient facts for debt collection

violations to survive a motion to dismiss.[1]  The defendant's reply states the following arguments: (1) the plaintiff's challenge to removal is not a valid basis for denying a motion to dismiss; and (2) the plaintiff's claims asserted in Counts IV and V do not state a claim under either West Virginia Code § 46A-2-127 or West Virginia Code § 46A-2-128.

On June 16, 2010, the plaintiff filed a first amended complaint.[2]  PHH filed a motion to dismiss the plaintiff's first amended complaint on July 6, 2010, arguing that the plaintiff has failed to state any claim upon which relief can be granted.  The plaintiff's response contends: (1) Spoor has shown a clear violation of the West Virginia Residential Mortgage Lender, Broker and Servicer Act; (2) the plaintiff's claim for breach of contract illustrates PHH's bad faith under the contract; and (3) the plaintiff has pled sufficient facts for the debt collection violations to survive a motion to dismiss.  In reply, PHH argues: (1) West Virginia Code § 31-17-9 only requires the date of the note; (2) the first amended complaint fails to state a claim upon

---

[1] On April 28, 2010, the plaintiff filed a motion to remand, to which the defendant responded.  However, on June 1, 2010, the plaintiff filed a notice of withdrawal of the motion to remand.  This Court entered an order granting the plaintiff's notice of withdrawal of the motion to remand on June 2, 2010.

[2] The plaintiff's original complaint named PHH and Susan V. Raper as defendants.  On May 25, 2010, the plaintiff filed a notice of dismissal of Susan V. Raper as party defendant, and this Court dismissed Raper without prejudice on June 2, 2010.  Thus, the first amended complaint names PHH as the only defendant.

2

which relief can be granted for breach of the implied covenant of good faith and fair dealing; and (3) modifying a mortgage loan is not collecting on a debt.

On July 30, 2010, the plaintiff filed a notice of withdrawal of Count I of the first amended complaint, indicating that it was duplicative of the remaining Count II. This Court entered an order permitting the withdrawal of Count I on August 2, 2010.

On December 15, 2010, this Court directed the parties to file supplemental memoranda addressing Warden v. PHH Mortgage Corporation, Civil Action No. 3:10-CV-75, 2010 WL 3720128 (N.D. W. Va. Sept. 16, 2010), a case in which Chief Judge John Preston Bailey issued an opinion addressing many similar issues after the motions to dismiss in this case had been fully briefed. Both parties filed a supplemental memorandum discussing the impact of the Warden opinion on this case. Presently before the Court are both pending motions to dismiss. For the reasons stated below, this Court finds that the defendant's motion to dismiss the first amended complaint must be granted, and the motion to dismiss Counts IV and V of the complaint must be denied as moot.

## II. Facts[3]

The plaintiff purchased her home in Wheeling, West Virginia in 2005. In an effort to refinance her home, Spoor responded to an

---

[3]For purposes of deciding this motion, the facts are based upon the allegations contained in the first amended complaint.

3

advertisement for home mortgage refinancing from a lender by the name of Instamortgage.com. After two unsuccessful attempts to meet with a closing agent and close the loan, the plaintiff eventually finalized her loan documents on January 8, 2008. According to the plaintiff, the loan documents were confusing for two reasons: (1) the documents included multiple dates; and (2) the lender named in the transaction was PHH rather than Instamortgage.com. After marking January 8, 2008 as the accurate date of the execution of the instrument, the plaintiff signed the documents.

The plaintiff made payments until approximately July 2008, at which time she approached the defendant and requested hardship assistance. On May 5, 2009, the plaintiff received a letter indicating that a foreclosure sale was set for May 27, 2009. The foreclosure sale was delayed while PHH processed the plaintiff's loan modification request, which was ultimately denied by letter dated July 23, 2009. PHH then invited the plaintiff to apply for a trial modification, but the plaintiff informed PHH that she would be unable to make the initial required payment. During the pendency of her loan modification request, the plaintiff contacted PHH on multiple occasions in an attempt to verify that it was being processed, and on August 25, 2009, a PHH representative informed the plaintiff that she was on a forbearance plan. From August through October 2009, the plaintiff continued to telephone PHH to inquire about the status of her loan modification, and she was

repeatedly told that her loan modification request was under review. When she offered to make partial payments to mitigate her indebtedness, PHH instructed her not to do so. On November 9, 2009, PHH informed the plaintiff that her loan modification request was denied.

## III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure

56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### IV. Discussion

A.  Count II: Illegal Loan

In its motion to dismiss the first amended complaint, PHH argues that Count II, which alleges that the closing documents falsified the consummation date of the loan, fails to state a claim under West Virginia Code § 31-17-9(a)(1). According to the

defendant, the statutory section does not require that the borrower be given documentation showing the date the mortgage loan documents were signed. Instead, the defendant argues that only the date of the promissory note is required. Because mortgage loan documents are often prepared in advance of closing and are not always signed by all parties on the same day, the defendant contends it is not unusual for the date of the promissory note not to match the date that all the documents were signed. In this case, the settlement statement reflects January 10, 2008 as the settlement date and the date of the note, thus, the defendant argues that the plaintiff has failed to state a claim upon which relief can be granted.

In response, the plaintiff emphasizes that the loan closing took place on January 8, 2008, but the loan documents reflect a date of January 10, 2008. The plaintiff further alleges that before signing the loan documents, she crossed out the incorrect date on the Deed of Trust and wrote in January 8, 2008. Unfortunately, the plaintiff cites no case law in support of the proposition that the date of the note can only be the date that a particular party to the document signed it. In its reply, the defendant stresses that the date of a note is not necessarily the date it was signed.

West Virginia Code § 31-17-9(a)(1), by its express terms, requires disclosure of the date of the note, not the Deed of Trust:

> Any licensee or person making on his or her own behalf
> . . . a primary or subordinate mortgage loan shall at the

> time of the closing furnish to the borrow a complete and itemized closing statement which shall show in detail: (1) The amount and date of the note or primary and subordinate mortgage loan contract and the date of maturity.

W. Va. Code § 31-17-9(a)(1). In this case, the note itself assigns January 10, 2008 as its date. Although the note was not signed on January 10, 2008, this does not change the fact that the date of the note is clearly January 10, 2008. The plain language of the statute does not require the note to specify the date that it was actually signed -- the note simply assigns the date to be associated with it. Significantly, the plaintiff willingly signed both the note and the Deed of Trust, thus agreeing that those two documents would be dated January 10, 2008, as they both state. The plaintiff cannot now rely on a two day discrepancy between the date she signed the note and the date of the note itself in an effort to claim that the defendant made an illegal loan.

This Court finds that Count II of the first amended complaint fails to state a claim upon which relief can be granted. As mentioned above, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. <u>Twombly</u>, 550 U.S. at 570. The plaintiff does not offer factual or legal support for her claim that the defendant violated West Virginia Code § 31-17-9(a)(1). Accordingly, the plaintiff does not plausibly state a ground for relief, and Count II of the first amended complaint must be dismissed.

B.  Count III: Breach of Contract

Count III of the first amended complaint alleges a breach of contract claim, asserting that PHH failed to exercise good faith and fair dealing when considering Spoor's request for a modification of her mortgage loan. Although it is titled a breach of contract claim, the defendant contends that the gravamen of the complaint is that PHH breached the implied covenant of good faith and fair dealing. The defendant highlights that West Virginia law states that there can be no claim for breach of the covenant of good faith and fair dealing unless there is first stated a breach of contract claim. Thus, the defendant contends that because a breach of contract claim does not exist in this case, the plaintiff has no claim for breach of the implied covenant of good faith and fair dealing.

In response, the plaintiff argues that West Virginia has consistently recognized that the implied duty of good faith is inherent in every contract, including the context of a home mortgage loan. Because the defendant interfered with the plaintiff's right to receive the benefits of the contract, the plaintiff contends that it breached its implied contractual duty of good faith and fair dealing, and that this breach is properly pleaded as a breach of contract.

The defendant does not deny that West Virginia recognizes that a covenant of good faith and fair dealing is implied into each

contract, but argues in its reply that the plaintiff has improperly attempted to create a stand-alone claim for breach of the covenant of good faith and fair dealing. PHH argues that the plaintiff has failed to cite to any provisions of the mortgage loan documents that obligate PHH to consider or grant a loan modification. Because there is no contractual obligation to consider a loan modification, the defendant's refusal to modify the loan does not give rise to a breach of contract. Therefore, there can be no breach of the implied covenant of good faith and fair dealing. Further, the defendant argues that the plaintiff has suffered no compensable harm because there is no legally enforceable obligation to assist a borrower in preventing a loss that occurs as a result of her own default.

This Court agrees that Count III of the first amended complaint fails to state a claim upon which relief can be granted. In West Virginia, a covenant of good faith and fair dealing is implied in every contract for the purpose of evaluating a party's performance of that contract.[4] Knapp v. American General Finance, Inc., 111 F. Supp. 2d 758, 767 (S.D. W. Va. 2000); Hoffmaster v. Guiffrida, 630 F. Supp. 1289, 1290-91 (S.D. W. Va. 1986). West Virginia law does not recognize an independent cause of action for

---

[4]Under West Virginia law, "good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing." W. Va. Code § 46-1-201(b)(20); see also Fifth Third Bank v. McClure Properties, Inc., 724 F. Supp. 2d 598, 609 (S.D. W. Va. 2010).

a breach of duty of good faith and fair dealing separate and apart from a breach of contract claim. Stand Energy Corp. v. Columbia Gas Transmission Corp., 373 F. Supp. 2d 631, 644 (S.D. W. Va. 2005); Highmark West Virginia Inc. v. Jamie, 655 S.E.2d 509, 514 (W. Va. 2007). In this case, the plaintiff acknowledges that she does not assert a breach of contract claim. (Pl.'s Resp. 9.) Nothing in Count III, although styled as a breach of contract claim, supports a claim for breach of contract because there is no provision in the mortgage loan granting the plaintiff the right to a modification of her loan. Since the plaintiff had no contractual right to a modification of her loan, the refusal by the defendant to grant a modification is not actionable.

The implied covenant of good faith and fair dealing extends only to performance of the contract in relation to rights and benefits granted under it. Thus, because no right to modification was granted in the contract, there is no implied covenant with respect to modification. See also Erdman v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 790 (4th Cir. 1988) (stating that the plaintiff had no duty to modify his contract and that it was not a breach of good faith for the plaintiff to refuse to modify the rights and obligations to which the parties had agreed); Barn-Chestnut, Inc. v. CFM Development Corporation, 457 S.E.2d 502, 508 (W. Va. 1995) ("The implied covenant of good faith and fair dealing cannot give contracting parties rights which are inconsistent with

those set out in the contract.") (quoting <u>Bonzanza Int'l, Inc. v. Restaurant Management Consultants, Inc.</u>, 625 F. Supp. 1431, 1448 (E. D. La. 1986)). Additionally, the fact that a loan modification was under consideration does not give rise to any contractual right or implied right to a modification or duty to grant one.

This district court, through Chief Judge Bailey, considered this issue in <u>Warden v. PHH Mortgage Corporation</u> and found that the plaintiffs in that case had stated a valid breach of contract claim, alleging as the grounds for recovery that the defendants breached the implied covenant of good faith and fair dealing.[5] <u>Warden</u>, 2010 WL 3720128, at *6. Specifically, the Court determined that the plaintiffs had "sufficiently alleged that the defendants exercised their discretion to deny a loan modification and instead seek foreclosure in bad faith." <u>Id.</u> For these reasons, the Court denied the <u>Warden</u> defendants' motion to dismiss as to Count I. This Court finds that the <u>Warden</u> case is distinguishable from the case at bar.

In analyzing the breach of contract claim, the <u>Warden</u> court determined that PHH had breached its agreement to deem the mortgage

---

[5] In <u>Warden</u>, the plaintiffs alleged that several months after the husband fell behind in paying the mortgage loan, he attempted to make a payment in an effort to bring the mortgage loan current, but offered an amount that was insufficient. After the rejection of the partial payment, the plaintiffs alleged that PHH provided Mr. Warden with paperwork for trial payments under a loan modification. Despite allegedly making those trial payments on time, Mr. Warden was denied a loan modification and later received notice of foreclosure.

12

loan current upon a payment of $1,600.00 by Mr. Warden. In explaining this breach, the Warden court stated:

> In other words, the plaintiffs allege that they promised to pay the defendants a certain amount in exchange for the defendants' promise to consider their loan current. The plaintiffs then performed by paying the amount requested. The defendants failed to perform, and thus breached the parties' agreement, by seeking foreclosure.

Id. at *5. Unlike the Warden case, Spoor's first amended complaint does not allege any specific agreement regarding loan modification that could be interpreted as a new and enforceable contract.[6] The Warden complaint claims that the defendants breached their contractual duty by representing to the plaintiffs that if they paid a certain amount ($1,600.00), their account would be current and their loan would be reinstated. (Warden Compl. ¶ 23.) In comparison, Spoor's first amended complaint only claims that the

---

[6]This Court must respectfully disagree with the Warden court's finding that the agreement to consider Mr. Warden's mortgage loan current upon payment of $1,600.00 could serve as the requisite underlying breach of contract claim to support a claim that the implied covenant of the Deed of Trust, a different contract, had been breached. This Court finds that there must first be an underlying breach of the terms of the contract at issue to support a claim for breach of the implied covenant. This Court also respectfully disagrees with the Warden court's treatment of the claim for breach of the implied covenant as constituting both the requisite underlying breach of contract and the purported breach of the implied covenant. According to West Virginia law, a plaintiff must point to the breach of an express contract term in order to allege a breach of the implied covenant to perform the obligations of that contract in good faith. See Clendentin v. Wells Fargo Bank, N.A., Civil Action No. 2:09-cv-00557, 2009 WL 4263506, at *3-4 (S.D. W. Va. Nov. 24, 2009) (rejecting the plaintiffs' position that breach of the implied covenant stated a valid claim by itself).

13

defendant breached its duty of good faith and fair dealing by representing that it would process a loan modification request, but then failed to consider a loan modification using correct information as to the plaintiff's income and monthly escrow payments. While it appears that the <u>Warden</u> court found that a breach of contract claim had been alleged based upon PHH's agreement to consider Mr. Warden's mortgage loan current upon a payment of $1,600.00, this Court finds no such similar claim for breach of contract in this case.[7] Without an underlying breach of contract claim, West Virginia law does not recognize a claim for breach of the implied covenant.

Under West Virginia law, creditors have the express right to foreclose without having to consider any alternatives. <u>Lucas v. Fairbanks Capital Corp.</u>, 618 S.E.2d 488, 490 (W. Va. 2005). The law does not support the legal imposition of an obligation to consider a loan modification before foreclosing where no limitations or restrictions on the option to foreclose are included in the Deed of Trust. The plaintiff in this case argues that the defendant has a contractual duty to exercise its discretion regarding loan modification in good faith. This Court agrees that general principles of contract law recognize that parties to a contract can exercise discretion and may agree to modify their

---

[7]After the <u>Warden</u> court issued its opinion on the defendants' motions to dismiss, PHH then filed a motion for judgment on the pleadings in that case, which was denied on February 3, 2011.

contract.  In this case, the contract terms provide that if the parties agree to modify the mortgage loan, such an agreed modification would not release the plaintiff from liability. (Def.'s Reply Ex. 2 ¶ 12.)  Nothing in the Deed of Trust obligates PHH to consider or grant a loan modification in good faith.  Even if PHH, using its discretion, had granted a modification of the Deed of Trust, this temporary forbearance would not prevent PHH from later exercising any and all rights or remedies under the Deed of Trust.  See Warden, 2010 WL 3720128, at *6 n.3 (citing Benito v. Indymac Mortg. Serv., No. 2:09-CV-001218, 2010 WL 2130648, at *7 (D. Nev. May 21, 2010) ("[I]t would not breach the covenant for [the defendant] to refuse to take on an additional obligation it was not required to undertake in the contract itself.")). Ultimately, because the plaintiff cannot point to any contract provision that imposes an obligation on PHH with respect to the alleged contractual breaches, Count III of the first amended complaint must be dismissed.[8]

---

[8]Because there is no contractual provision prohibiting PHH from "causing anxiety and fear" or encouraging the plaintiff to make payments on the loan, the plaintiff has not stated a claim for breach of the implied covenant.  The Deed of Trust does not require PHH to make any effort to avoid foreclosure, and the plaintiff has failed to offer factual support for her claim that PHH refused to service the loan in good faith.  Thus, the plaintiff has failed to state a claim upon which relief can be granted.

15

C.  <u>Counts IV and V: Illegal Debt Collection</u>

Counts IV and V of the first amended complaint assert claims against PHH based upon the allegation that PHH engaged in illegal debt collection practices. Specifically, Count IV alleges that the defendant used fraudulent, deceptive or misleading means of collecting a debt in violation of West Virginia Code § 46A-2-127. In Count V, Spoor alleges that PHH practices unfair or unconscionable means to collect a debt in violation of West Virginia Code § 46A-2-128. According to the plaintiff, PHH committed these violations by representing that it would evaluate her for a loan modification by using correct financial information, but instead used incorrect financial information.

The defendant argues that a lender's attempt to negotiate a loan modification is not "debt collection" within the meaning of West Virginia Code § 46A-2-122(c), thus, the plaintiff has failed to state a claim upon which relief can be granted. Because no collection of any claim is involved in evaluating a mortgage loan modification request, PHH argues that this act cannot be considered debt collection. Moreover, the defendant claims that its conduct did not involve attempts to collect on the plaintiff's debt because her debt continued to be controlled by and collected under the terms of the mortgage loan documents. Merely entering into a modification of a mortgage loan, according to the defendant, does not constitute debt collection.

In response, the plaintiff argues that PHH was engaged in the collection of payments on the plaintiff's home mortgage -- a fact which it does not deny. The plaintiff contends that PHH's evaluation of consumers for hardship assistance results in the collection of debt. The plaintiff also points to her multiple requests for a loan modification and her attempts to convey to PHH the correct information concerning her finances so that PHH could perform an accurate assessment of her ability to pay under a loan modification as examples in support of her argument that PHH's actions constitute debt collection.

West Virginia Code § 46A-2-122(c) defines "debt collection" as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." W. Va. Code § 46A-2-122(c). Accepting the plain meaning of the statute, this Court finds that the defendant's evaluation of a loan modification request does not involve the collection of a debt. Although the plaintiff equates all activities occurring in connection with servicing a mortgage loan with debt collection, this is not the case. To "collect" means "to claim as due and receive payment for." Webster's Ninth New Collegiate Dictionary 259 (9th ed. 2009). By definition, the receipt of a payment is essential to a collection. But no payment is received in connection with simply considering a loan modification. By not agreeing to a loan modification, PHH declined

17

to assist the plaintiff in her efforts to avoid default, but merely considering her request for such assistance is not collecting on a debt. Where, as in this case, there is no legally enforceable obligation to assist a borrower in preventing a loss she faces as the result of her own default, any loss experienced by the borrower is not a compensable loss because it is not legally attributable to the lender. Accordingly, Counts IV and V of the first amended complaint fail to state claims upon which relief can be granted.

## V. Conclusion

For the reasons stated above, this Court finds that PHH Mortgage Corporation's motion to dismiss the first amended complaint is GRANTED. Accordingly, the amended complaint is DISMISSED. Further, the defendant's motion to dismiss Counts IV and V of the complaint is DENIED AS MOOT. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      March 11, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE